WILLIS et al. v. IMPERIAL UNDERWEAR CO.

(Supreme Court, Appellate Term, First Department.    June 21, 1916.)

FRAUDS, STATUTE OF ⊂⇒106(1)—SALE OF GOODS—ACKNOWLEDGMENT.

A letter signed by the vendor of goods, acknowledging an oral purchase of 50 cases of goods at a certain price, with a right in the vendor to substitute other goods at a fixed price, referring in words to the buyer's letter reciting the terms of the oral purchase, though indicating the opinion, desire, or hope of the writer that the order was not "entered," completely satisfied the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 193, 210; Dec. Dig. ⊂⇒106(1).]

Guy, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Grinnell Willis and others, doing business under the name of Grinnell Willis & Co., against the Imperial Underwear Company. From a judgment for plaintiffs, and an order denying defendant's motion for a new trial, defendant appeals.    Judgment affirmed.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Graham & L'Amoreaux, of New York City (Ralph Polk Buell, of New York City, of counsel), for appellant.

Root, Clark, Buckner & Howland, of New York City (Emory R. Buckner, of New York City, and Robert P. Patterson, of Glens Falls, of counsel), for respondents.

BIJUR, J.    As I interpret the correspondence between the parties, it consists of the recital on behalf of the plaintiffs of all the terms of an oral purchase of 50 cases of a certain class of goods at a certain price, with right on the part of the defendant to substitute certain other goods at a fixed price.    The letter signed by defendant acknowledges that such a transaction took place and refers in words to the letter of the plaintiffs.    The mere fact that it goes on to indicate either the opinion, desire, or hope of the writer that the order was not "entered" is merely equivalent to a request for a cancellation; but that does not detract from the due written acknowledgment by the defendant of the terms and existence of the contract set forth in the letter of the plaintiffs.    That such an acknowledgment completely satisfies the statute of frauds has been repeatedly held, notably in Spiegel v. Lowenstein, 162 App. Div. 443, 147 N. Y. Supp. 655, where the identification of the several written documents was not so clear and complete as in the case at bar.

The judgment should, in my opinion, be affirmed, with costs.

PHILBIN, J., concurs.

GUY, J.    I dissent.    I am of the opinion that the correspondence offered in evidence was not intended to evidence, and does not evidence, an agreement upon all the terms of an oral contract between plaintiffs and defendant.

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes